**Opinion issued August 27, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00144-CV**

————————————

**DAVID C. HUGHES, Appellant**

**V.**

**ANGELIQUE GIFFORD, Appellee**

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-25175**

---

**MEMORANDUM OPINION**

Appellant, David C. Hughes, filed a notice of appeal attempting to appeal (1) (1) the trial court's February 1, 2024 order granting a continuance and (2) the trial court's February 7, 2024 order granting a conference hearing. We dismiss the appeal for lack of jurisdiction.

Unless authorized by statute, an order that does not dispose of all pending parties and claims remains interlocutory and unappealable until the trial court signs a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The orders appellant seeks to appeal are neither final judgments nor are they appealable interlocutory orders. *See Spivey v. Spivey*, No. 01-13-00015-CV, 2013 WL 5761065, at *1 (Tex. App.—Houston [1st Dist.] Oct. 22, 2013, no pet.) (mem. op.) (holding order setting hearing was not final, appealable order); *Am. Med. Home Health Servs., LLC v. Legacy Home Health Agency, Inc.*, No. 04-22-00239-CV, 2022 WL 2334557, at *1 (Tex. App.—San Antonio June 29, 2022, pet. filed) ("An order granting a motion for continuance . . . is not a final judgment, nor is it an appealable interlocutory order.").

On August 6, 2024, the Clerk of this Court notified appellant that his appeal was subject to dismissal for lack of jurisdiction unless a written response was provided within ten days demonstrating that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellant did not adequately respond.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.